IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| OMOWALE ASHANTI SHABAZZ a/k/a FRED DEAN, | ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 15-1149-JDT-cgc |
| DERRICK SCHOFIELD, ET AL., | ) ) | |
| Defendants. | ) ) ) | |

ORDER TO MODIFY THE DOCKET, ADDRESSING PENDING MOTIONS,
AND MODIFYING SCHEDULING ORDER

The *pro se* prisoner Plaintiff, Omowale Ashanti Shabazz, a Tennessee Department of Correction (TDOC) inmate at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc *et seq.* (ECF No. 1.) On August 2, 2016, the Court dismissed portions of the complaint and directed that process be issued and delivered to the U.S. Marshal for service on the two remaining Defendants, NWCX Chaplains Kurt Gross and Mike Lavender.[1] (ECF No. 9.) Defendant Gross was served on August 15, 2016 (ECF No. 13 at 1), and Defendant Lavender was served on November 22, 2016 (ECF No. 25 at 1).

---

[1] It appears that Defendant Lavender's name is Terry M. Lavender and that he is known as Mike Lavender. The Notice of Appearance filed by his counsel refers to the Defendant as Terry Lavender (ECF No. 27), but in other documents filed by counsel (ECF Nos. 37 & 39) Defendant is called Mike Lavender. Defendant signed the Acknowledgment of Receipt of Summons and Complaint as "Terry M. Lavender." (ECF No. 25 at 1.) The Clerk is directed to MODIFY the docket to reflect Defendant Lavender's first name and middle initial.

Plaintiff filed a motion to alter or amend on August 12, 2016 (ECF No. 11), asserting that his official capacity claims should be reinstated because he seeks prospective injunctive relief. The Court agreed and granted the motion on that basis, ordering the Clerk to issue process for the State of Tennessee as to Plaintiff's official capacity claims. (ECF No. 31.) The State of Tennessee was served on April 10, 2017. (ECF No. 35.)

A scheduling order was issued on February 27, 2017, setting a deadline of May 29, 2017, for amending pleadings and a discovery deadline of July 28, 2017. (ECF No. 30.) Plaintiff filed an amended complaint on May 11, 2017. (ECF No. 36.) Although Plaintiff did not file a motion for leave to amend, he states in the amendment that he "amends the original complaint pursuant to the Court's ORDER dated February 27, 2017." (*Id.* at 1.) Thus, Plaintiff apparently believed the scheduling order itself gave him permission to file an amendment so that a motion was unnecessary. The Defendants have not objected to the amendment.[2]

The allegations and claims in the amended complaint are essentially the same as those in the original complaint. To the extent the amendment re-alleges Plaintiff's claims against the dismissed Defendants, TDOC Commissioner Tony Parker and NWCX Warden Michael Parris, it will not be allowed. However, the Court will allow the amended complaint insofar as it re-states Plaintiff's claims against Defendants Gross and Lavender.[3]

---

[2] Defendants note only that Plaintiff did not seek leave of Court to file the amendment. (ECF No. 39 at 1-2.)

[3] Defendants assert that it does not appear that process has been issued with regard to the amended complaint. However, because the amendment raises no new claims and adds no additional parties, new summonses are unnecessary.

On May 1, 2017, Plaintiff filed a motion to compel discovery (ECF No. 33), asserting that Defendants had failed to respond to discovery requests that he served on March 6, 2017. On May 30, 2017, Defendants filed a motion to dismiss the original and amended complaints. (ECF No. 37.) Also on May 30, 2017, Defendants filed a belated response to Plaintiff's motion to compel[4] combined with a motion to stay discovery (ECF No. 39); Plaintiff filed a reply (ECF No. 41). Plaintiff then filed a motion for summary judgment on August 25, 2017. (ECF No. 42.) Defendants have not responded to the motion for summary judgment.

In response to the motion to compel discovery, Defendants argue that Plaintiff's March 6, 2017, discovery requests were premature because the State of Tennessee was not served with regard to the official capacity claims until April 10, 2017. Defendants therefore contend they were not properly served prior to April 10th and were not obligated to respond to discovery. However, the original complaint sought damages as well as declaratory and injunctive relief (ECF No.1 at 1), thus Defendants were sued in both their individual and official capacities. At the time Plaintiff served his discovery requests, both Defendants had been served with process and had appeared in the action, and a scheduling order had been entered. The argument that Plaintiff's discovery requests were premature is wholly meritless. Therefore, Plaintiff's motion to compel will be granted.

Defendants also asserted in their response that discovery should be stayed because their pending motion to dismiss could result in the resolution of this action. That request also is not well taken and is mooted by this order. Defendants' motion to dismiss addresses only Plaintiff's First Amendment claims under 42 U.S.C. § 1983; it does not even mention Plaintiff's claims under the

---

[4] Pursuant to Local Rule 7.2(a)(2), responses to non-dispositive motions are due within fourteen days.

Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.* Even if the motion to dismiss were granted, it would not resolve the case. Accordingly, the scheduling order will be modified to re-open discovery and reset the dispositive motion deadline.

With regard to Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's § 1983 claims, the Court concludes the motion must be denied. In evaluating a motion to dismiss for failure to state a claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In addition,"*[p]ro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). While the complaint "does not need detailed factual allegations" the plaintiff must supply "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. However, the district court also may consider orders, matters of public record, and documents referred to in the complaint and attached as exhibits. *See Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014) (citing *Henry v. Chesapeake Appalachia, L.L.C.*, 739 F.3d 909, 912 (6th Cir. 2014)).

4

In his complaint and amended complaint, Plaintiff alleges that Defendants Gross and Lavender, chaplains at the NWCX, have denied his requests for a religious diet that meets his nutritional needs. As a result, Plaintiff alleges he has lost a significant amount of weight and has been diagnosed as anemic. He alleges that he followed prison officials' instructions to submit his requests for a nutritionally adequate religious diet on the proper forms, but those requests were denied by the Defendants, who claimed TDOC Policy 506.13 § VI(D)(4) requires him to include both his committed name and his Muslim name (which is now his legal name) on the forms. Plaintiff alleges it is his sincere religious belief that he must not use his non-Muslim name unless it is required by a valid law or regulation and further alleges that neither TDOC Policy 506.13 nor any other policy actually requires him to use both names on internal prison documents.[5] He alleges Defendants are deliberately misinterpreting and misapplying TDOC Policy 506.13 in a way that violates his First Amendment right to exercise his religion and prevents him from obtaining a diet that is adequately nutritious and that complies with his religious beliefs.

Defendants move for dismissal on the basis that Plaintiff is alleging only a violation of TDOC policy, which is not actionable under § 1983. It is true that allegations that defendants have merely failed to follow administrative prison policies are not cognizable under § 1983. *See Storm v. Swiger*, No. 4:07 CV 2387, 2007 WL 3171491, at *3 (N.D. Ohio Oct. 29, 2007) (A plaintiff who alleged defendants breached their duty to follow prison policy did not state a claim because "[m]erely failing to follow a particular administrative rule does not constitute a violation of the constitution."). However, Defendants misunderstand Plaintiff's claims. Plaintiff is not alleging a

---

[5] Plaintiff alleges he was not required to use both names on such documents at any of the six other TDOC prisons at which he was housed before being transferred to the NWCX.

mere failure to follow TDOC Policy 506.113. In essence, he alleges the policy simply does not mean what Defendants say it means and that they are deliberately misinterpreting and misapplying it in a manner that violates his First Amendment rights. Therefore, the Court finds that Plaintiff has stated a plausible claim under § 1983 that cannot be resolved on a motion to dismiss.

In conclusion, Defendant's motion to dismiss (ECF No. 37) is DENIED. Defendants' motion to stay discovery is DENIED as moot, and the Court hereby modifies the scheduling order as follows: **discovery is re-opened and the deadline for completing all discovery is reset for July 13, 2018; the deadline for filing dispositive motions is reset for August 13, 2018.**

Plaintiff's motion to compel discovery (ECF No. 33) is GRANTED. Defendants shall respond to the discovery requests that were served on March 6, 2017, within 30 days after the date of this order.

Plaintiff's motion for summary judgment (ECF No. 42) is DENIED without prejudice to refiling after the parties have completed discovery. His motion to ascertain status of the case (ECF No. 44) is MOOTED by this order.

IT IS SO ORDERED.

           s/ **James D. Todd**
           JAMES D. TODD
           UNITED STATES DISTRICT JUDGE