UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| OMOWALE ASHANTI SHABAZZ, | ) | |
| a/k/a FRED DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-1149-JDT-cgc |
| | ) | |
| DERRICK SCHOFIELD, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADDRESSING PENDING MOTIONS

Plaintiff Omowale Ashanti Shabazz a/k/a Fred Dean, a prisoner at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee, filed this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc *et seq.* The remaining Defendants are NWCX Chaplains Terry Gross and Mike Lavender, who are sued in both their individual and official capacities. Before the Court are several pending motions.

On April 19, 2018, Shabazz filed a motion asking the Court to order the parties to alternative dispute resolution (ADR), stating that some negotiation had occurred but had been unsuccessful. (ECF No. 46.) That motion is DENIED. However, while the Court declines to order the parties to participate in ADR at this time, the parties may and are encouraged to do so voluntarily.

Shabazz filed a motion to amend on April 25, 2018, (ECF No. 48), which will directly affect the outcome of Defendants' pending motion to dismiss this case as moot. In his proposed

amendment, Shabazz seeks to clarify that he is asking for compensatory and punitive damages from the Defendants in addition to injunctive relief. He states the request for damages was inadvertently omitted from the amended complaint filed May 11, 2017.

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to amend the pleadings "when justice so requires." However, leave may be denied if the amendment would be futile, there is "undue delay, bad faith or dilatory motive," "repeated failure to cure deficiencies by amendments previously allowed," or "undue prejudice to the opposing party." *Parchman v. SLM Corp.*, 896 F.3d 728, 737-38 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Khaled v. Dearborn Heights Police Dep't*, 711 F. App'x 766, 771 (6th Cir. 2017).

Defendants contend the motion to amend should be denied because Shabazz knew he could seek damages when the initial complaint was filed but did not do so and that he should have corrected that oversight when he filed the amended complaint. Defendants also suggest the "willful untimeliness" of Shabazz's request to amend is motivated primarily by Defendants' pending motion to dismiss as moot. (Defs. Resp., ECF No. 51 at PageID 471.) However, Shabazz correctly points out that he did, in fact, seek compensatory and punitive damages in the original complaint. The "Demand For Relief" itself did not include such a request, (ECF No. 1 at PageID 10), but the introduction to the complaint clearly states that Shabazz "brings this civil action . . . for damages, punitive and compensatory, and for declaratory and injunctive relief." (*Id.* at PageID 1.) The Court specifically acknowledged the request for damages in an order issued March 30, 2018, and stated the Defendants were sued in both their individual and official capacities. (ECF No. 45 at PageID 430.)

Though Shabazz omitted a demand for damages from the amended complaint, that single oversight does not rise to the level of "repeated failure to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 182. Furthermore, while Defendants' motion to dismiss as moot very well may have been the catalyst for Shabazz's motion to amend, that by itself does not make the delay "willful" or intentional, and the suggestion that it does is not supported by the record. It is more reasonable to assume the filing of Defendants' motion to dismiss simply caused Shabazz to realize his omission.[1]

The Court also finds the Defendants will not be unduly prejudiced if the amendment is allowed. The original complaint contained a request for damages, and Defendants have not shown the case would have been defended differently if that request also had been included in the amended complaint.[2]

For these reasons, Shabazz's motion to amend to include a claim for compensatory and punitive damages is GRANTED.

Defendants' motion to dismiss this case as moot was filed on April 20, 2018, (ECF No. 47), and Shabazz responded in opposition. (ECF No. 50.) He later moved to amend the response to correct certain statements therein, (ECF No. 62); that motion is GRANTED.

Given the Court's ruling on Shabazz's motion to amend to include a request for damages, the amended complaint is not moot. However, even if the motion to amend had been denied, the

---

[1] The bare assertion in Defendants' response that the amendment would be futile because Shabazz "has not set forth any basis for a damage award in either of his complaints," (ECF No. 51 at PageID 472), is not further developed and will not be addressed.

[2] Defendants apparently did not respond to any discovery requests between the filing of the amended complaint on May 11, 2017, and the filing of Shabazz's second motion to compel discovery filed on May 29, 2018. (ECF Nos. 54 & 55.)

case still would not be moot. NWCX Warden Shawn Phillips states in an affidavit that Shabazz is now being allowed to use his legal name rather than the name under which he was committed to prison "on religious request forms to sign up for religious diets, religious gatherings and holiday meals." (Phillips Aff. ¶ 6; ECF No. 47-1 at PageID 441.) However, the mere fact that Shabazz may now be able to request such religious accommodations does not resolve the issue of whether Shabazz actually has been provided a nutritious diet that complies with both his religious and his medical dietary restrictions. Shabazz asserts in his response to the motion that he was not and still is not being provided with such a diet. (ECF No. 62-1 at PageID 616-617.) Therefore, Defendants' motion to dismiss this case as moot is DENIED.

On July 16, 2018, Shabazz filed a motion for a temporary restraining order (TRO) asking the Court to enjoin the Defendants from denying him adequate access to the NWCX law library. (ECF No. 64.) He complains that Ronnie Lanier, who is in charge of the library, issued a memo stating that inmates with deadlines in criminal cases may sign up for an additional hour in the library while inmates with deadlines in civil cases may not sign up for additional time. Shabazz asserts that he will be deprived of meaningful access to the courts if he is not permitted additional time to prepare his prosecution of this case.

The Court finds that a TRO is not warranted. First, there are no issues in this case involving access to the courts. In addition, Shabazz has failed to show that he will suffer any irreparable harm if an injunction does not issue. He has missed no deadlines in this case, and since the filing of the motion has filed multiple documents that are lengthy and complex. Therefore, the motion for injunctive relief is DENIED.

Shabazz filed his first motion for summary judgment on August 25, 2017. (ECF No. 42.) On March 30, 2018, the Court issued an order ruling on several motions, (ECF No. 45), including

4

a motion to compel discovery filed by Shabazz. The Court granted the motion to compel and directed Defendants to serve their discovery responses within thirty days. (*Id.* at PageID 430-431, 433.) Because the parties had yet to engage in any meaningful discovery, the Court also set new discovery and dispositive motion deadlines and denied Shabazz's motion for summary judgment "without prejudice to refiling after the parties have completed discovery." (*Id.* at PageID 433.)

Shabazz refiled his motion for summary judgment on July 6, 2018. (ECF No. 61.) After Defendants took Shabazz's deposition, they were granted an extension of time, through September 13, 2018, to file their own motion for summary judgment in order to allow sufficient time for the deposition to be transcribed and reviewed by Shabazz. (ECF No. 65.) The Court further stated, "Responses to all motions for summary judgment shall be due on or before October 15, 2018. (*Id.* at PageID 635.)

On July 27, 2018, Shabazz filed a motion asking the Court to find that the statement of undisputed facts in his *first* summary judgment motion is uncontested. (ECF No. 67.) However, he seems to have misunderstood the Court's March 30, 2018, ruling. Because the Court denied Shabazz's initial motion for summary judgment without prejudice, no response from the Defendants was required. Defendants duly filed their own summary judgment motion on September 13, 2018 (ECF Nos. 69 & 70), and also filed a response to Shabazz's motion for summary judgment on October 15, 2018. (ECF No. 77.) The motion to deem Shabazz's statement of undisputed facts admitted is DENIED.

Shabazz filed a second motion to compel discovery on May 29, 2018, stating that even though the Court had ordered Defendants to serve their discovery responses within thirty days after the March 30, 2018, order, they had not yet done so. (ECF No. 54.) Defendants filed a response on June 11, 2018, (ECF No. 55), in which counsel stated she had recently been given the case and

found the outstanding discovery requests. She stated a portion of Defendants' responses were served on June 7, 2018, and the remainder on June 11, 2018. (*Id.* at PageID 507-508.)

Shabazz filed a reply on June 18, 2018, asserting the discovery responses he received were deficient. (ECF No. 58.) However, Shabazz makes few specific objections. He states that Defendant Gross failed to respond to Interrogatory #2 of his First Interrogatories, in which Gross was asked to explain in detail and "produce the dates and location" of any "training or schooling you have received concerning" Islam. (ECF No. 61-5 at PageID 557.)[3] However, Gross did in fact respond fully to Interrogatory #2. (*See id.*)

Shabazz also contends Gross's response to Interrogatory #3 is erroneous. The interrogatory first quotes this statement from the complaint: "All correspondence generated by TDOC Management Information System (MIS) will continue to use the committed name." (*Id.* at PageID 558.) Gross was then asked, "Does the Plaintiff now, or at any time relevant to the complaint generate correspondence on the TDOC Management Information System (MIS)?" (*Id.*) Gross responded, "Yes. All TDOC inmates communicate regularly using approved CR-forms and documents generated by MIS." (*Id.*) Shabazz contends this answer is false because TDOC Policy No. 109.04(V) provides that offenders "shall not be allowed or given access to the State's network or eTOMIS . . . ." (ECF No. 58 at PageID 514.) It appears to the Court that Gross simply misconstrued the discovery request rather than deliberately making an erroneous statement. Gross did *not* state that inmates were allowed to personally use or access the MIS, he stated only that inmates regularly used *documents* generated by the system.

---

[3] Shabazz did not comply with Local Rule 26.2(b)(2) by "quot[ing] verbatim or attaching copies" of each disputed discovery request and the response thereto. Nevertheless, the discovery requests and written responses are attached as an exhibit to his pending motion for summary judgment. (ECF No. 61.)

Shabazz next contends Defendant Gross did not adequately respond to Document Request #5 of his First Request for Documents, which sought the "name, address and title of the individual that the Food Service Director and TDOC Dietitian consulted with when developing the Certified Halal menu to ensure that the diet met the Sunni Muslim requirements and was nutritionally adequate." (ECF No. 61-6 at PageID 564.) Gross responded by stating that the request was answered in the responses to Shabazz's Third Request for Admissions and Second Request for Interrogatories and Production of Documents. (*Id.*) Those discovery requests included some that were directed to the State of Tennessee, in which Interrogatory #1 asked for the "name, address, and position of the individual(s) who develop the religious and medical diets that are served to inmates within the TDOC and NWCX." (ECF No. 61-8 at PageID 578.) The request was fully answered and appears to be the same information sought in Document Request #5, directed to Defendant Gross. It is apparent that also was Gross's understanding.

Shabazz also asserts the Defendants failed to produce a copy of his medical record and certain unspecified menus from 2017 and 2018. Document Request #1, directed to both Gross and the State of Tennessee, sought a copy of Shabazz's entire medical file. (*Id.* at PageID 579.) The response stated the file was in the possession of the contract medical provider, that Gross did not have access and could not access the file because of HIPAA restrictions, and advised the file could be accessed through applicable policies. Gross cannot be required to produce documents to which he does not have access. Therefore, this response is not deficient.

With regard to the production of copies of menus, Document Request #2 asked for "the menus for the Islamic diets that Muslim inmates have been allowed to receive since 2014 until answering this request," and the response simply says, "See attached." (*Id.*) Shabazz has failed to state what documents were attached and why they are insufficient. Document Request #3 sought

7

"menus for inmates who are diagnosed with anemia or are anemic that were prescribed a diet for this medical condition from 2014 until answering this complaint." (*Id.*) In response, it was stated that there is no specific diet for inmates who are anemic. (*Id.*) The Court will not require a further response to these requests.

The Court finds that Shabazz's specific objections to the Defendants' discovery responses are not well taken and that the remainder of his objections are only general and non-specific. Therefore, the motion to compel further discovery is DENIED.

In summary:

(1) Plaintiff Shabazz's motion to order the parties to ADR is DENIED. (ECF No. 46.)

(2) Defendants' motion to dismiss this case as moot is DENIED, (ECF No. 47); Plaintiff's motion to amend is GRANTED, (ECF No. 48); and Plaintiff's motion for a ruling is DENIED as moot, (ECF No. 53).

(3) Plaintiff's second motion to compel is DENIED, (ECF No. 54); his motion to correct his prior response is GRANTED, (ECF No. 62); his motion for a TRO is DENIED, (ECF No. 64); and his motion to have his statement of undisputed facts deemed admitted is DENIED, (ECF No. 67).

IT IS SO ORDERED.

                                                  s/ **James D. Todd**
                                                  JAMES D. TODD
                                                  UNITED STATES DISTRICT JUDGE