UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| OMOWALE ASHANTI SHABAZZ, <br> a/k/a FRED DEAN, <br><br> Plaintiff, <br><br> VS. <br><br> DERRICK SCHOFIELD, ET AL., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )   No. 15-1149-JDT-cgc <br> ) <br> ) <br> ) <br> ) |

ORDER GRANTING MOTION TO DISMISS CLAIMS FOR INJUNCTIVE RELIEF,
DENYING MOTION TO AMEND DECLARATION,
DENYING MOTION FOR STATUS AS MOOT, AND REQUIRING FURTHER BRIEFING

The *pro se* Plaintiff, Omowale Ashanti Shabazz a/k/a Fred Dean, filed this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc *et seq*. At the time, Shabazz was incarcerated at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee. The remaining Defendants are NWCX Chaplains Terry Gross and Terry (Mike) Lavender, who were sued in both their individual and official capacities. The Tennessee Department of Correction (TDOC) was served with process with regard to Shabazz's official capacity claims.

On June 6, 2019, Defendant Lavender filed and served a statement noting on the record that Defendant Gross died on May 30, 2019. (ECF No. 88.) A valid motion for substitution of a proper party was not made in accordance with Federal Rule of Civil Procedure 25(a)(1). Thereafter, Shabazz filed a motion to dismiss the individual capacity claims against Defendant Gross, which the Court granted on July 23, 2019. (ECF No. 92.) Thus, the remaining claims are

the official capacity claims against Defendant Gross and the individual and official capacity claims against Defendant Lavender.

Shabazz alleges the Defendants violated his right to freely exercise his religion by requiring him to include both his current legal Muslim name and his "committed" name (his legal name at the time he was committed to TDOC custody) on internal NWCX documents requesting religious accommodations. He brings First Amendment claims under 42 U.S.C. § 1983 and claims under RLUIPA and seeks declaratory, injunctive, and monetary relief. Shabazz and Defendant Lavender have filed cross-motions for summary judgment, (ECF Nos. 61 & 69), and Defendant Lavender has moved to dismiss Shabazz's claims for injunctive relief as moot because he was transferred to a different TDOC prison facility. (ECF No. 86.)

Shabazz also filed a motion to submit an additional Declaration under penalty of perjury to support his opposition to Defendant's assertion that the claims for injunctive relief are moot. (ECF No. 93.) That motion is DENIED. In the proposed Declaration, Shabazz contends his claims for injunctive relief are not moot because he encountered similar, but not identical, issues regarding his Muslim name at the Bledsoe County Correctional Complex (BCCX), the TDOC facility to which he was transferred from the NWCX. However, Shabazz is no longer at the BCCX; he notified the Court on May 20, 2020, that he has been released from prison. (ECF No. 95.)[1]

Due to his release, Shabazz's official capacity claims for declaratory and injunctive relief under § 1983 are moot. *See Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) (a prisoner's claims for declaratory and injunctive relief are moot when the prisoner is transferred

---

[1] To the extent Shabazz may be attempting to amend his complaint to assert new claims against BCCX employees, the proper venue for any such claims would lie in the Eastern District of Tennessee. *See* 28 U.S.C. § 123(a)(3).

from the prison about which he complains); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same); *Mason v. Davis*, No. 2:19-cv-4502, 2020 WL 1695185, at *3-4 (S.D. Ohio Apr. 7, 2020) ("[A]n inmate's transfer or release ends the alleged violations of his or her constitutional rights, which 'render[s] the court unable to grant the requested relief.'" (quoting *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 724 (6th Cir. 1993))).

Moreover, the Supreme Court has held that monetary damages are not available under RLUIPA because the statute's provision for "appropriate relief against a government," 42 U.S.C. § 2000cc-2(a), does not abrogate the States' sovereign immunity under the Eleventh Amendment. *Sossamon v. Texas*, 563 U.S. 277, 285-93 (2011). Since only injunctive relief is available under RLUIPA, those claims are also mooted by Shabazz's release. *See Berryman v. Granholm*, 343 F. App'x 1, 4-5 (6th Cir. 2009) (RLUIPA claim seeking declaratory and injunctive relief was moot after inmate's transfer to a new prison).

All of Shabazz's claims under RLUIPA and all of his claims for injunctive relief under § 1983 are moot. Therefore, Defendant's motion to dismiss the claims for injunctive relief, (ECF No. 86), is GRANTED. The claims that remain are the § 1983 First Amendment claims against Defendant Lavender in his individual capacity.

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

In considering whether to grant summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (same). The Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

Defendant Lavender first contends he is entitled to summary judgment because the claims against him are barred by the applicable one-year statute of limitations. *See* Tenn. Code Ann. § 28-3-104(a)(1). He asserts that he was not named as a Defendant in Shabazz's original complaint but only in the amended complaint filed on May 11, 2017. Because he retired from the TDOC in March 2015, (*see* Karen Kimbrell Aff. ¶ 4, ECF No. 70-4 at PageID 823), Lavender argues Shabazz's claims against him accrued prior to that date and are untimely.

Lavender's argument is not well taken. In the initial screening order the Court noted that Shabazz had not included Lavender in the list of defendants but stated, "it is clear he wishes to include Chaplain FNU Lavender as a defendant." (ECF No. 9 at PageID 201 n.1.)[2] The Court directed the Clerk to add Lavender to the list of Defendants, (*id.*), and found that process should be issued for Lavender with regard to Shabazz's claims. (*Id.* at PageID 212-13.) Lavender therefore is not entitled to summary judgment on the basis of the statute of limitations.

---

[2] The original complaint contains factual allegations concerning Lavender throughout the document. In some paragraphs he is specifically referred to as a Defendant, and Shabazz clearly seeks relief against him. (ECF No. 1 at PageID 9-11.)

Lavender also contends he is entitled to judgment as a matter of law because he did not violate Shabazz's constitutional rights and, alternatively, on the basis of qualified immunity. Neither the Defendant's motion nor Shabazz's response adequately address whether Shabazz's asserted right to use *only* his committed name on internal prison documents was clearly established at the time the allegations against Lavender occurred. Further briefing on that issue will be helpful.

Defendant Lavender is DIRECTED to file, within twenty-one days after the date of this order, a further memorandum addressing the issue identified above. Plaintiff Shabazz shall have twenty-one days after that filing in which to respond. The parties' memoranda shall address only the specified issue and shall not exceed ten pages in length. No further evidence may be submitted.

Shabazz's motion for status of the motions for summary judgment is DENIED as moot because this order provides that status.

IT IS SO ORDERED.

                                                   s/ **James D. Todd**  
                                                   JAMES D. TODD  
                                                   UNITED STATES DISTRICT JUDGE