IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| OMOWALE ASHANTI SHABAZZ, ) <br> a/k/a FRED DEAN ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> DERRICK SCHOFIELD, et al., ) <br> ) <br> Defendants. ) <br> ) <br> ) | No. 15-cv-1149 |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This is a prisoner's rights case.  Pro se Plaintiff Omowale Ashanti Shabazz filed his complaint pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc, et seq. At the time of filing, Shabazz was incarcerated at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee.  The only remaining claim is against NWCX Chaplain Terry (Mike) Lavender in his individual capacity.  Before the Court is Defendant Lavender's Motion for Summary Judgment. (ECF No 69.)  For the following reasons, the Motion is GRANTED.

**I.   Background**

The following facts are undisputed.

In 1995, Shabazz was incarcerated in the custody of the Tennessee Department of Correction ("TDOC.")  At that time, Shabazz's name was Fred Dean.  In 1997, he legally changed his name to Omowale Ashanti Shabazz.  Shabazz is Muslim and follows a diet consistent with his religious beliefs.  Lavender, as prison Chaplain at NWCX, processed prisoner forms requesting religious accommodations, including religious meals.  Lavender concluded that TDOC Policy 506.13 required Shabazz to put his legal name (Omowale Ashanti Shabazz) and committed name (Fred Dean) on internal requests.  TDOC Policy 506.13 states:

> In cases of a court ordered name change, verification must be provided by the institutional records office that the inmate has received a legal name change. The inmate's new legal name shall be considered an alias and entered in the AKA field on the inmate identification card and on Offender Aliases. All correspondence generated by the TDOC Management Information Systems (MIS) will continue to use the committed name and TOMIS ID.

TDOC Policy 506.13(VI)(D)(4).  (ECF No. 1-5.)

Shabazz did not want to put his committed name, Fred Dean, on his religious accommodation forms.  When he did not include his committed name, the forms were not processed, and he did not receive a religious meal.  When he put his committed name, he received the requested meals.

On May 11, 2017, Shabazz filed suit against TDOC Commissioner Tony Parker, Institutional Warden Michael Parris,

NWCX Chaplain Kurt Gross, and Lavender in their official and individual capacities. (ECF No. 36.)  He alleged that Defendants had violated his First Amendment rights and RLUIPA.  In May 2020, Shabazz notified the Court that he had been released from prison. (ECF No. 95.)  On May 28, 2020, the Court dismissed all of Shabazz's claims except the § 1983 claim against Lavender.  (ECF No. 96.)  The Court asked for supplemental briefing on whether the doctrine of qualified immunity shields Lavender from liability.  (Id.)  Lavender filed his supplemental brief on June 17, 2020.  (ECF No. 97.)  Shabazz has not supplemented his brief.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56, a court shall grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The burden of demonstrating the absence of a genuine dispute of material fact first rests with the moving party." George v. Youngstown St. Univ., 966 F.3d 446, 458 (6th Cir. 2020) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party can meet this burden by showing the Court that the nonmoving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of its case.  Id. (citing Celotex, 477 U.S. at 322-23).

When confronted with a properly-supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). "A genuine dispute exists when the plaintiff presents significant probative evidence on which a reasonable jury could return a verdict for her." EEOC v. Ford Motor Co., 782 F.3d 753, 760 (6th Cir. 2015) (quotation marks omitted). The nonmoving party must do more than simply "show that there is some metaphysical doubt as to the material facts." Adcor Indus., Inc. v. Bevcorp, LLC, 252 F. App'x 55, 61 (6th Cir. 2007) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). When evaluating a motion for summary judgment, a court must view the evidence in the light most favorable to the party opposing the motion. George, 966 F.3d at 458 (citing Matsushita, 475 U.S. at 587 (1986)).

A party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Beckett v. Ford, 384 F. App'x 435, 443 (6th Cir. 2010) (citing Celotex Corp., 477 U.S. at 324). Instead, the nonmoving party must adduce concrete evidence on which a reasonable juror could return a verdict in its favor. Stalbosky v. Belew, 205 F.3d 890, 895 (6th Cir. 2000); see Fed. R. Civ. P. 56(c)(1). The Court does not have the duty to search the record for such evidence. See Fed. R.

Civ. P. 56(c)(3); InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989).

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (quotation marks and citations omitted).

## III. Analysis

"[O]fficers are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." District of Columbia v. Wesby, 138 S. Ct. 577, 589 (2018). The Court may conduct the two-party inquiry in either order. Crawford v. Tilley, 15 F.4th 752, 760 (6th Cir. 2021) (citing Pearson v. Callahan 555 U.S. 223, 236 (2009)). If one element is lacking, the Court need not address the other. Id. "Although a defendant ordinarily bears the burden of proof for an affirmative defense, a plaintiff bears the burden of overcoming qualified immunity." Id.

Shabazz has failed to assert a clearly established right. "For a right to be 'clearly established,' the contours of the right must be sufficiently clear that a reasonable official

5

would understand that his or her conduct violates that right." Durham v. Nu'Man, 97 F.3d 862, 866 (6th Cir. 1996). "The unlawfulness of the official or employee's conduct must be apparent in light of pre-existing law." Id. "A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred." Id. "[T]hese decisions must both point unmistakably to the unconstitutionality of the conduct complained of and be so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct, if challenged on constitutional grounds, would be found wanting." Ohio Civ. Serv. Emp. Ass'n v. Seiter 858 F.2d 1171, 1177 (6th Cir. 1988).

Shabazz argues that he has a First Amendment right to use only his legal name, and not his committed name, on internal prison forms to receive religious accommodations. He relies on Colvin v. Caruso, 605 F.3d 282 (6th Cir. 2010) and Alexander v. Carrick, 31 F. App'x 176 (6th Cir. 2002). Colvin and Alexander were both § 1983 cases addressing prisoners' rights to religious dietary accommodations. The cases acknowledge that an inmate has a constitutional right not to eat food offensive to his religious beliefs, Alexander, 31 F. App'x at 179, and

6

that "prison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions." Colvin, 605 F.3d at 290 (quoting Alexander, 31 F. App'x at 179). Colvin and Alexander follow a long line of Sixth Circuit precedent that clearly establishes a prisoner's constitutional right to a diet consistent with the prisoner's religious beliefs. See Alexander, 31 F. App'x at 179 (collecting cases).

A prisoner's right to a religious diet is not the right that Shabazz asserts. NWCX offered religious meals to Shabazz. He did not receive the meals because he did not comply with the TDOC Policy requiring inmates to include both their committed and legal names on internal religious request forms. Shabazz asserts that he has a First Amendment right to use only his legal name on internal documents. He cites no case law that clearly establishes that right. Shabazz has not satisfied his burden. Qualified immunity bars his claim.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED.

SO ORDERED this 7th day of January, 2022.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE